GLENN v. PORTER.

(Circuit Court of Appeals, Second Circuit. March 12, 1896.)

CORPORATIONS—UNPAID STOCK—LIABILITY OF TRANSFEREE.

One who takes an assignment of stock, accompanied by a transfer to his name on the books, and receives a certificate from the corporation, issued to him in his own name, reciting that he is entitled to so many shares, on each of which a certain sum has been paid, leaving a specified amount "to be paid when called for," is liable, as a subscriber, for the balance due on the stock.

In Error to the Circuit Court of the United States for the Southern District of New York.

This was an action at law by John Glenn, as trustee of the creditors of the National Express & Transportation Company, against Horace Porter, to recover a balance alleged to be due on stock of the corporation held by defendant. The circuit court directed a verdict for defendant, and entered judgment accordingly. Plaintiff brings error.

Burton N. Harrison (Arthur H. Masten, of counsel), for plaintiff in error.

George Zabriskie, for defendant in error.

Before PECKHAM, Circuit Justice, and WALLACE and SHIP-MAN, Circuit Judges.

WALLACE, Circuit Judge. The court below directed a verdict for the defendant upon the ground that there was no proof of the cause of action set forth in the complaint. The complaint alleges that the defendant "subscribed for fifty shares of the par value of $100 each of the capital stock of the National Express & Transportation Company, a corporation in the state of Virginia, and thereby, for valuable consideration, agreed to be liable to said corporation, and undertook and promised to pay to said corporation, for each and every share so subscribed for by said defendant the sum of $100, in such installments and as and when said defendant should lawfully from time to time be called upon and required to pay the same; whereby and by force of which said subscription said defendant became and was received and admitted to be a stockholder in and a member of said corporation."

It was proved upon the trial that the defendant became the holder of a certificate issued to him, and in his name, by the corporation, reciting that he was entitled to "fifty shares of the capital stock of the National Express & Transportation Company, on each share of which has been paid $5 in cash, leaving $95 to be paid when called for." The defendant's acceptance of this certificate, and the fact that the shares had been transferred to him upon the books of the corporation, were shown by an assignment of the shares in writing, signed by him.

The ruling at the trial is sought to be upheld upon the theory that, although the evidence was sufficient to show that the defendant became a stockholder in the corporation, the cause of action set forth in the complaint was founded, not upon that fact, but upon the fact that he was a subscriber for the stock, and the proof failed to establish the averment.

Assuming that the complaint should receive the strict construction thus placed upon it, we think the case made was sufficient to charge the defendant as a subscriber for the fifty shares. Whether he was an original subscriber for the shares, or became a subscriber by substitution, is immaterial. It suffices if he assumed towards the corporation the obligation of a subscriber. He did this by the acceptance of the certificate containing the promise to pay for the shares upon call. "When an original subscriber to the stock of an incorporated company, who is bound to pay the installments on his subscription from time to time as they are called in by the company, transfers his stock to another person, such other person is substituted, not only to the rights, but to the obligations, of the original subscriber; and he is bound to pay up the installments called for after the transfer to him. The liability to pay up installments is shifted from the outgoing to the incoming shareholder." Ang. & A. Corp. § 534. This statement should be understood with the qualification that the substitution, to become complete, should be recognized by the corporation, as when the transfer is acknowledged by registry upon the books. Webster v. Upton, 91 U.

S. 65. As was said in Upton v. Tribilcock, Id. 45, 48: "A promise to take shares of stock means a promise to pay for them. The same effect results from the acceptance and holding of a certificate."

The judgment is reversed.